IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PATRICIA LEO HOLLOMAN,
LORNA SAMUELS, and JUDY
SHERIDAN-GONZALEZ,

    Plaintiffs,    :    08 CV 00211 (LAP)

 v.

NEW YORK STATE NURSES
ASSOCIATION,

    Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SURREPLY
IN OPPOSITION TO MOTION FOR PARTIAL DISMISSAL**

  Defendant, New York State Nurses Association ("NYSNA") submits this memorandum of law in response to Plaintiffs' Surreply and in further support of its Motion for Partial Dismissal.

  **A. Defendant hereby Withdraws Exhibit 1 to its Reply Memorandum**

  The document Plaintiffs claim is "new evidence" is the title page to NYSNA's Board of Directors Policies and Procedures. Plaintiffs cited to these Policies and Procedures throughout their Complaint and appended a portion thereof to their Memorandum of Law in Opposition to Defendant's Motion for Partial Dismissal, dated April 25, 2008, as Exhibit C. The thrust of Defendant's argument with respect to the Board of Directors Policies and Procedures, specifically with respect to Policy 2-6, is that it is an internal policy governing the rules of conduct for members of the Board. Therefore, this general information concerning the Board of Director's Policies and Procedures cannot be characterized as "new evidence." Notwithstanding

the above, and upon further review, we have learned that although the Manual states otherwise, NYSNA does post the Board of Directors' Policies and Procedures, in their entirety, on its website. Therefore, Defendant agrees to withdraw Exhibit 1 and strike the corresponding text in its Memorandum of Law in Further Support of its Motion for Partial Dismissal (See Def. Reply Br. at 7, n.6).

### B. Plaintiffs alleged that NYSNA violated the "insulation doctrine."

In their Surreply, Plaintiffs attempt to distance themselves from their claim that NYSNA violated "the insulation doctrine" when it voted to disaffiliate from the UAN. The subheading for Count IV of the Complaint reads "Disaffiliation in Violation of the Insulation Doctrine." Plaintiffs assert in their Complaint that "[t]he insulation doctrine is pivotal to the union governance issues raised in this complaint." Compl. ¶13. Additionally, Plaintiffs claim that the Board of Directors violated Policy 2-6 because it was "a non-insulated body." Compl. ¶105. The only way to reach this (wrongful) conclusion is to assess whether or not the Board was actually "non-insulated" at the time it made the decision to disaffiliate.

### C. Plaintiffs first claimed that NYSNA violated Article IX of the Bylaws in their Opposing Memorandum of Law

Plaintiffs' claim that Defendant's argument with respect to Article IX of NYSNA's bylaws is "new" is disingenuous since Plaintiffs only first mentioned Article IX as a basis for its claim in their opposing papers. Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc., 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues"). As NYSNA pointed out in its reply brief, there is no mention of Article IX of the Bylaws in the Complaint.

In support of their newly asserted reliance on Article IX, Plaintiffs introduce evidence into the record in the form of selective portions of a 187 page transcript of NYSNA's October 2, 2005 Annual Convention. Nowhere in the Complaint or in their opposing memorandum of law do Plaintiffs refer to events that transpired at NYSNA's October 2, 2005 Annual Convention. Plaintiffs have indisputably introduced facts outside the Complaint, however generously construed. It was Plaintiffs' prerogative to include whatever allegations they wanted in support of their claims, and in their Complaint, they chose to support their past practice argument based on the 1999 affiliation. Undoubtedly in an attempt to escape the obvious flaw in relying upon the 1999 affiliation with the UAN which was effectuated only by a vote of the NYSNA Board of Directors, Plaintiffs conducted a belated search to find some other way of demonstrating that the disaffiliation vote was not within the province of the Board of Directors.

Setting aside the impropriety of attaching these pages to its Surreply brief, they do not advance Plaintiffs' argument as the convention motion they seek to draw the Court's attention involved affiliation agreements concerning "local bargaining units" at two hospitals (Ex. A-2, p. 145) as well as "collective bargaining issues" during negotiations (Ex. A-2, p. 149). In fact, the very limited and selective portion of the transcript Plaintiffs introduced makes clear that agreements with other unions that are not "specific to the collective bargaining process," "do[] not refer to a specific area of location [or] any specific grievance" and do not refer to "actual organizing activity" are subject to the approval of the Board of Directors. This is consistent with Defendant's argument that the "collective bargaining matters" to which Policy 2-6 refers applies to the activities of the local bargaining units such as grievances and contract negotiations. See Pl. Opp. Br., Ex. C (Policy 2-6).

### D. NYSNA did not mischaracterize Stern v. General Electric

NYSNA accurately cited Stern v. General Electric Co., 924 F.2d 472, 477 (2d Cir. 1991), and its holding. Def. Reply Br. at 8, n.8. The Second Circuit disposed of the claim at issue, to wit:

> Because the complaint fails to meet the requirements of Fed.R.Civ.P. 9(b), we agree with the district court that the allegation in Counts One and Four should be dismissed. However, because dismissals for insufficient pleadings are ordinarily with leave to replead [citation omitted], we reverse the district court's decision to dismiss Counts One and Four insofar as that dismissal was with prejudice, and remand with instructions to dismiss those Counts with leave to replead." 924 F.2d at 477-478.

The Court, on remand, did not discuss whether the allegations of bad faith were sufficiently pled because it found that the plaintiff did not establish the essential elements of the claim. Stern v. General Elec. Co., 837 F.Supp. 72, 79, n.9.

Despite Plaintiffs' assertion in their Surreply brief that NYSNA "mischaracterized" Stern, it seems that Plaintiffs, instead, seek to distinguish the case on grounds that Stern did not involve a labor union, and therefore, does not apply. Since Defendant cited to both the Second Circuit decision and the District Court decision in Stern in its original Memorandum of Law in support of its Motion for Partial Dismissal (See Def. Br. at 6-7), Plaintiffs had ample opportunity to distinguish the cases in their opposing brief. In fact, Plaintiffs already advanced this argument in their opposing memorandum of law, yet, failed to address Stern. *Compare* Pl. Surreply Br. at 3 *with* Pl. Opp. Br. at 15-17.

Plaintiffs also already presented their argument that federal labor law should apply instead (though they pled Count IV as a state law claim) and cited to the same case in its Surreply brief that they relied on in their opposing memorandum. *Compare* Pl. Surreply Br. at 3 *with* Pl. Opp. Br. at 16. Nevertheless, in response to Plaintiffs' argument in their Surreply brief

4

that the business judgment rule does not apply to a decision by the NYSNA Board of Directors concerning matters of corporate governance, but rather that the Court should "apply federal law concerning union governance", Defendant respectfully refers the Court to its discussion of that issue in its original memorandum of law (Def. Br. at 5-7) and in its reply memorandum (Def. Reply Br. at 7-10).

## Conclusion

For the foregoing reasons, and the reasons set forth in Defendant's moving and reply papers, Count IV of the Complaint should be dismissed.

Dated: New York, New York
       May 29, 2008

>                           SPIVAK LIPTON LLP
>                           Attorneys for Defendant
>                           New York State Nurses Association
>                           1700 Broadway, Suite 2101
>                           New York, New York 10019
>                           Ph:   212.765.2100
>                           Fax:  212.541.5429
>
>
>                           By: /s/ Hope Pordy
>                               Franklin K. Moss (FM 9161)
>                               Hope Pordy (HP 6253)
>                               Nicole Cuda Pérez (NP 6663)